**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4380**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DERRICK GIBSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Timothy M. Cain, District Judge.  (6:10-cr-00419-TMC-3)

Submitted: January 31, 2018                                    Decided:  February 6, 2018

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Nicole Nicolette Mace, MACE FIRM, West Palm Beach, Florida, for Appellant.  Andrew Burke Moorman, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Derrick Gibson seeks to appeal his conviction and sentence for possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (2012).[1] Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court adequately complied with Fed. R. Crim. P. 11 and whether Gibson's sentence is procedurally and substantively reasonable. The Government has moved to dismiss the appeal as untimely.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985).

The district court entered judgment on March 16, 2017. The notice of appeal was filed on June 8, 2017.[2] Because Gibson failed to file a timely notice of appeal, we grant

---

[1] Having reviewed Gibson's pro se notice of appeal and his counsel's brief, we conclude that Gibson intends to appeal from the criminal judgment entered in No. 6:15-cr-00526-TMC. Even assuming that Gibson also intends to appeal from the revocation judgment entered in No. 6:10-cr-00419-TMC-3, we construe the Government's motion to dismiss as seeking dismissal of Gibson's appeal from the revocation judgment and grant the Government's motion because Gibson's appeal from the revocation judgment is untimely.

[2] The notice of appeal is undated. For the purpose of this appeal, we assume that the postmark date appearing on the envelope containing the notice of appeal is the earliest
(Continued)

2

the Government's motion to dismiss the appeal. *See United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017). This court requires that counsel inform Gibson, in writing, of the right to petition the Supreme Court of the United States for further review. If Gibson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gibson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

date it could have been properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); *Houston v. Lack*, 487 U.S. 266 (1988).